UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Andrew Davion Burnside, | ) | Civil Action No.: 4:17-cv-00300-RBH |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| Warden, Lieber Correctional Institution, | ) | |
| Respondent. | ) | |

Petitioner Andrew Davion Burnside, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. The matter is before the Court for consideration of Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III.[1] *See* ECF Nos. 23 & 25. The Magistrate Judge recommends granting Respondent's motion for summary judgment and dismissing Petitioner's § 2254 petition without an evidentiary hearing. R & R at p. 24.

**Background**

The State of South Carolina indicted and tried Petitioner for trafficking cocaine base, possession of a weapon during the commission of a violent crime, possession of a controlled substance with intent to distribute, distribution of cocaine base, and possession of cocaine with intent to distribute. *See* ECF No. 15-1 at pp. 296–303. The jury convicted him of all charges, and the trial court imposed concurrent sentences resulting in twenty-five years of actual imprisonment.[2] *See* ECF No. 15-1 at pp. 234–35, 288.

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

[2] Both Respondent and the Magistrate Judge indicate Petitioner received a twenty-year sentence for the trafficking conviction, *see* ECF No. 15 at p. 2; R & R at p. 2, but the state court records clearly show Petitioner received a twenty-five-year sentence for trafficking in cocaine (10-28 grams), third offense (which is the mandatory minimum, *see* S.C. Code Ann. § 44–53–375(C)(2)(c)). *See* ECF No. 15-1 at p. 233 ("Mr. Burnside[,] this is your

Petitioner filed a direct appeal, and the South Carolina Court of Appeals summarily affirmed in an unpublished opinion. *See* ECF Nos. 15-2, 15-3, 15-4, & 15-5. Petitioner filed an application for post-conviction relief ("PCR") in state court. *See* ECF No. 15-1 at pp. 237–46. After holding a hearing at which Petitioner and his trial counsel testified, the PCR court issued a written order denying and dismissing the PCR application with prejudice. *Id.* at pp. 253–95. Petitioner filed a *Johnson*[3] petition for a writ of certiorari from the denial of his PCR application, and the South Carolina Supreme Court summarily denied the *Johnson* petition and remitted the case. *See* ECF Nos. 15-11, 15-12, 15-13, & 15-14.

Petitioner then filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. Respondent answered by filing a return and a motion for summary judgment. *See* ECF Nos. 14 & 15. The Magistrate Judge issued an R & R recommending that the Court grant Respondent's motion for summary judgment and dismiss Petitioner's § 2254 petition without an evidentiary hearing. R & R at p. 24. Petitioner filed timely objections to the R & R, and Respondent filed a reply to Petitioner's objections. *See* ECF Nos. 25 & 27.

## Legal Standards

### I.  Review of the Magistrate Judge's R & R

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a

---

third offense for trafficking . . . ."); *see also id.* at p. 288; ECF No. 15-3 at p. 5; ECF No. 15-4 at p. 5; ECF No. 15-11 at p. 4. Accordingly, the Court modifies the R & R to reflect Petitioner's twenty-five-year sentence.

3      *See Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988) (applying the procedure set forth in *Anders v. California*, 386 U.S. 738 (1967), for meritless PCR appeals). Petitioner filed a pro se response to the *Johnson* petition. *See* ECF No. 15-12.

de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## II.  Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see generally* Rule 12 of the Rules Governing Section 2254 Cases ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); *Brandt v. Gooding*, 636 F.3d 124, 132 (4th Cir. 2011) ("Federal Rule of Civil Procedure 56 'applies to habeas proceedings.'" (quoting *Maynard v. Dixon*, 943 F.2d 407, 412 (4th Cir. 1991))). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

3

"The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the evidence or make credibility determinations." *Reyazuddin v. Montgomery Cty.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal citation and quotation marks omitted).

### III. Federal Habeas Review Under 28 U.S.C. § 2254

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 governs review of his claims. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This is a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted). "Section 2254(d)(1) describes the standard of review to be applied to claims challenging how the state courts applied federal law, while § 2254(d)(2) describes the standard to be applied to claims challenging how the state courts determined the facts." *Winston v. Kelly*, 592 F.3d 535, 553 (4th Cir. 2010). "'[A] determination on a factual issue made by a State court shall be presumed correct,' and the burden is on the petitioner to rebut this presumption 'by clear and convincing evidence.'" *Tucker v. Ozmint*, 350 F.3d 433, 439 (4th Cir. 2003) (quoting 28 U.S.C. § 2254(e)(1)). Because the South Carolina Supreme

4

Court summarily denied Petitioner's certiorari petition, the Court directly reviews the PCR court's reasoning. *Brumfield v. Cain*, 135 S. Ct. 2269, 2276 (2015) (applying the "look-through" doctrine).

## Discussion

Petitioner alleges two grounds for relief in his § 2254 petition, challenging the sufficiency of the evidence presented at trial and alleging his trial counsel was ineffective. The Magistrate Judge recommends granting summary judgment on both grounds, *see* R & R at pp. 7–24, and Petitioner objects to the Magistrate Judge's recommendation. *See* Pet.'s Objs. [ECF No. 25].

**I. Ground One**

In Ground One of his § 2254 petition, Petitioner challenges the sufficiency of the evidence presented at trial. *See* ECF No. 1 at pp. 7; ECF No. 1-1 at pp. 7–10. The Magistrate Judge correctly notes this claim is exhausted and ripe for review because Petitioner moved for a directed verdict on this issue at trial, the trial court denied the motion, and the South Carolina Court of Appeals affirmed the trial court's ruling. *See* R & R at pp. 11–13.

An insufficient evidence claim is cognizable in a § 2254 action, but federal review is "sharply limited." *Wilson v. Greene*, 155 F.3d 396, 405 (4th Cir. 1998). In *Jackson v. Virginia*, the Supreme Court recognized "the Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." 443 U.S. 307, 315 (1979) (internal quotation marks omitted). *Jackson*, which was decided before the AEDPA, requires a federal court to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. The Fourth Circuit has explained that "under the AEDPA provision codified at 28 U.S.C. § 2254(d)(1),"

a federal habeas court must "inquire whether a state court determination that the evidence was sufficient to support a conviction was an 'objectively unreasonable' application of [the standard enunciated in] *Jackson*." *Williams v. Ozmint*, 494 F.3d 478, 489 (4th Cir. 2007) (alteration in original); *see also Wilson*, 155 F.3d at 405–06 ("Federal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or to replace the state's system of direct appellate review.").

In the R & R, the Magistrate Judge applies the *Jackson* and AEDPA standards, examines the evidence presented at Petitioner's trial, and concludes he fails to show no rational trier of fact could have found guilt beyond a reasonable doubt. R & R at pp. 11–18. The Magistrate Judge thoroughly summarizes the trial evidence (with citations to the record), and the Court adopts that summary without repeating it here.[4] *See* R & R at pp. 14–17. In brief, the State's evidence showed that police conducted surveillance on a trailer park due to heavy vehicle and foot traffic in the area and obtained a search warrant for one of the trailers. Officers executed the warrant, breached the barricaded door, and apprehended Petitioner in a bedroom partially underneath a bed and his codefendant[5] in a bathroom standing over a running toilet. Police discovered various drugs (including cocaine, crack cocaine, and prescription pills for various controlled substances) throughout the house and related paraphernalia (such as security cameras, cash, razor blades, digital scales, several playing cards, small plastic bags, packaging materials, ammunition for an assault rifle, a magazine clip for an AK-47, and a microwave

---

[4] The Court notes a minor typographical error is on page 17 of the R & R in the sentence beginning "***Petitioner*** testified that the security cameras . . . ." R & R at p. 17 (emphasis added). It is clear the Magistrate Judge means to say "***Drummond***" (not "Petitioner"), given that the Magistrate Judge is summarizing Jerry Drummond Jr.'s testimony and that Petitioner did not testify at trial.

[5] Petitioner's codefendant Dominique Shumate was indicted for the same offenses, tried with Petitioner, and found guilty on all charges. *See* ECF No. 15-1 at pp. 3, 227–28.

oven used to cook crack cocaine), as well as a handgun. Notably, the State called Jerry Drummond, Jr., who testified that he was close friends with Petitioner and that they used the trailer as a "bachelor's pad" and shared the bills. Drummond further testified Petitioner visited the trailer two or three times a week and often spent the night. Significantly, the Magistrate Judge determined that "[b]ased on the record, there was an issue of witness credibility to be determined by a jury." R & R at p. 17.

In his objections, Petitioner argues his mere presence at the scene was insufficient to establish constructive possession over the drugs found there. Pet.'s Objs. at pp. 2–3. Petitioner appears to assert the evidence was insufficient because he was not identified by a confidential informant as selling drugs, had no clothing in the trailer or keys to it, and his fingerprints and DNA were not "on the items used to make crack-cocaine." *Id.* Petitioner further objects to the Magistrate Judge's conclusion regarding witness credibility and contends "Drummond's testimony was improper and greatly prejudicial." *Id.* at p. 3.

The Court has conducted a de novo review of the record—including the evidence presented at trial—and agrees with the Magistrate Judge that sufficient evidence supports all of Petitioner's convictions, which involved possession of drugs and a handgun in violation of S.C. Code Ann. §§ 16–23–490 (possession of a weapon during the commission of a violent crime), 44–53–370 (possession of cocaine with intent to distribute and possession of a controlled substance with intent to distribute), and 44–53–375 (trafficking cocaine base and distribution of cocaine base). "The *Jackson* standard 'must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Wilson*, 155 F.3d at 406 (quoting *Jackson*, 443 U.S. at 324 n.16); *cf. id.* at 406–07 (applying Virginia law to determine whether the evidence was sufficient to support the petitioner's convictions). Under South Carolina law,

7

> a conviction for possession of contraband drugs requires proof of actual or constructive possession, coupled with knowledge of the presence of the drugs. To prove constructive possession the State must show a defendant had dominion and control, or the right to exercise dominion and control over the substance. Such possession may be established by circumstantial as well as direct evidence. More than one person may possess the same personal property simultaneously. . . . [T]he same principles are applicable in regard to possession of firearms or other objects.[6]

*State v. Halyard*, 264 S.E.2d 841, 842 (S.C. 1980). "Possession requires more than mere presence, and may be actual or constructive." *State v. Mollison*, 459 S.E.2d 88, 91 (S.C. Ct. App. 1995) (internal citation omitted). "The knowledge element may be proved circumstantially by evidence of acts, declarations, or conduct of the accused from which an inference may be drawn that the accused knew of the existence of the prohibited substance." *Id.* Moreover, "[w]here contraband materials are found on premises under the control of the accused, this fact in and of itself gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury." *State v. Hudson*, 284 S.E.2d 773, 775 (S.C. 1981).[7]

Viewed in the light most favorable to the State, the trial evidence—recited above and in the R & R—was sufficient for any rational trier of fact to find Petitioner guilty, beyond a reasonable doubt, of constructively possessing the drugs and handgun found in the trailer. As for Petitioner's objection concerning the credibility of Drummond, only the jury—not the state courts or this Court—could decide the weight to accord his testimony. *See generally Mazzell v. Evatt*, 88 F.3d 263, 270 (4th Cir. 1996) ("'[O]ur adversary system reposes judgment of the credibility of all witnesses in the jury.'" (quoting

---

[6] "Thus, one can be convicted of possession of a firearm based upon proof of either actual or constructive possession." *State v. Jennings*, 515 S.E.2d 107, 109 (S.C. Ct. App. 1999) (internal citation omitted).

[7] In affirming the trial court, the South Carolina Court of Appeals cited *Hudson*, *Halyard*, and *Mollison*. *See* ECF No. 15-5 at p. 2.

*Brooks v. Tennessee*, 406 U.S. 605, 611 (1972))). The Court overrules Petitioner's objections concerning Ground One and denies relief as to this claim.

**II.     Ground Two**

In Ground Two of his § 2254 petition, Petitioner broadly alleges trial counsel was ineffective for "fail[ing] to subject the State's case to meaningful adversarial testing," including by not adequately investigating the potential exculpatory value of a statement made by a confidential informant.[8] *See* ECF No. 1 at p. 9; ECF No. 1-1 at pp. 11–14. The Magistrate Judge addresses Ground Two on the merits and recommends granting summary judgment for Respondent. *See* R & R at pp. 18–24.

The Court must review claims of ineffective assistance of counsel under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness." *Id.* at 687–88. Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of a § 2254 petition, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

> [C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

---

[8]     Petitioner raises two related but separate claims in Ground Two, alleging trial counsel was ineffective for (1) **failing to move to suppress** the statement of a confidential informant and (2) **failing to adequately investigate** the potential exculpatory value of the statement. *See* ECF No. 1 at p. 9. The second claim is at issue in Petitioner's objections. *See* Pet.'s Objs. at pp. 4–5.

9

> The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. For example, when the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether. And when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable. In short, inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions.

*Strickland*, 466 U.S. at 691 (internal footnote omitted).

In his petition and objections, Petitioner references the statement of a confidential informant. *See* ECF No. 1 at p. 9; ECF No. 1-1 at p. 12; Pet.'s Objs. at p. 5. Petitioner claims this statement indicated the informant "attempted to purchase crack cocaine from" a person named "Blue" but was told that Blue "did not sell drugs." *Id.* Petitioner asserts that had trial counsel sufficiently investigated the informant's statement, counsel would have learned that Petitioner's street name was Blue and could have used this as exculpatory evidence at trial. *See* ECF No. 1 at p. 9; Pet.'s Objs. at p. 5.

At the PCR hearing, both Petitioner and trial counsel testified about the informant's statement. *See* ECF No. 15-1 at pp. 260–68, 271–73, 276–77, 282–84. Petitioner testified the informant said "Blue" did not sell him drugs and that trial counsel should have introduced evidence linking Petitioner to that nickname. *Id.* at pp. 262–64. Meanwhile, trial counsel testified a confidential informant was used to obtain the search warrant for the trailer where Petitioner was apprehended, and although the informant did not buy drugs from Petitioner, the particular trailer was the location for several prior drug

buys. *Id.* at pp. 276–77. Trial counsel testified the informant's statement that he did not buy drugs from Petitioner was not relevant because the statement was simply used to obtain a search warrant for the trailer. *Id.* at 283. Trial counsel further testified he would not have wanted to open the door to any prior bad acts of Petitioner by introducing any evidence identifying his nickname. *Id.* at 283–84. In its order, the PCR court summarized the testimony and found Petitioner not credible and trial counsel credible.[9] *See* ECF No. 15-1 at pp. 290–91. The PCR court noted the informant's statement was not admitted into evidence at trial (and was only marked as a court's exhibit at a suppression hearing), and it further found trial counsel conducted a proper investigation, reviewed the discovery materials with Petitioner, and discussed Petitioner's version of the events with him. *Id.* at pp. 291–92. The PCR court concluded Petitioner failed to satisfy either prong of the *Strickland* test. *Id.* at pp. 292–94.

Petitioner objects to the Magistrate Judge's determination that "'the PCR court's factual determination regarding credibility is entitled to deference in this action.'" Pet.'s Objs. at pp. 3–4 (quoting R & R at p. 23). As the Magistrate Judge notes, a federal habeas court cannot overturn a state court's credibility judgments absent "stark and clear" error. *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Although Petitioner argues in conclusory fashion that the PCR court's credibility findings "were stark and clear error," Pet.'s Objs. at p. 4., it was reasonable for the PCR court to believe trial counsel's testimony about the risk of using the informant's statement at trial. In any event, Petitioner's only evidence that "Blue" was his nickname was his own testimony, which the PCR court found was not credible. Finally, Petitioner has failed to show the PCR court unreasonably applied *Strickland* in rejecting his ineffective assistance claim. The Court overrules

---

[9] The informant's statement appears to be the one attached to Petitioner's pro se response to the *Johnson* petition (filed with the South Carolina Supreme Court in his PCR appeal), *see* ECF No. 15-12 at p. 30, but the PCR transcript does not indicate the actual statement was ever admitted into evidence at the PCR hearing.

Petitioner's objections concerning Ground Two and denies relief as to this claim.

## Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

The Court has reviewed the entire record including the § 2254 petition, the motion for summary judgment, the return and attachments, the R & R, Petitioner's objections, and Respondent's reply. The Court has conducted a de novo review of those portions of the R & R to which Petitioner objects. For the reasons stated in this Order and in the R & R, the Court overrules Petitioner's objections and adopts and incorporates the R & R [ECF No. 23] by reference.

Accordingly, the Court **GRANTS** Respondent's motion for summary judgment [ECF No. 14] and **DENIES AND DISMISSES** Petitioner's § 2254 petition *with prejudice*. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a

constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
March 9, 2018  R. Bryan Harwell
United States District Judge